FILED
2008 Feb-29 PM 05:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN

| | |
|---|---|
| **WILLIE A. MILLER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **3:08-cv-351-UWC** |
| **SMITH HOUSE MOVERS,** ) | |
| **INC., and TRAVELERS** ) | |
| **INDEMNITY COMPANY OF** ) | |
| **CONNECTICUT,** ) | |
| ) | |
| Defendants. | |

**MEMORANDUM OPINION ON THE COURT'S JURISDICTION**

The above-styled action was commenced in the Circuit Court of Franklin County, Alabama on January 21, 2008. On February 27, 2008, Travelers Indemnity Company of Connecticut ("Travelers") removed this action to the United States District Court for the Northern District of Alabama, Northwestern Division, based on diversity jurisdiction, 28 U.S.C. § 1332.

Plaintiff has not filed a motion to remand. However, under its continuing obligation to determine whether jurisdiction exists, this Court has reviewed the pleadings and concluded that remand is appropriate for lack of diversity jurisdiction. For the reasons that follow, the above-styled action is due to be

REMANDED to the Circuit Court of Franklin County. Additionally, for the reasons outlined below, Traveler's Motion to Realign the Parties (Doc. 2) is due to be DENIED.

## FACTUAL BACKGROUND

At the time of the commencement of the underlying state court action, Plaintiff Willie Miller ("Plaintiff") was and is now a resident of the State of Alabama. Travelers was and is now a corporation organized under the laws of the State of Connecticut. Defendant Smith House Movers, Inc. ("Smith") was and is a corporation organized under the laws of Alabama.

Although Smith is a resident of Alabama, Travelers contends that this case is subject to removal for two reasons: first, because Smith is due to be realigned by this Court as a Plaintiff; and second, because Smith should be disregarded for purposes of removal in that it is an unserved defendant and therefore represents an exception to the Rule of Unanimity rule for removal jurisdiction.

## CONTROLLING LEGAL PRINCIPLES

Federal district courts are " 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of South Alabama v. The American Tobacco Co.,* 168 F.3d 405,

409 (11th Cir.1999) (quoting *Taylor v. Appleton,* 30 F.3d 1365 (11th Cir. 1994)). Accordingly, the federal removal statutes must be "construed narrowly," and, generally speaking, all doubts about removal must be resolved in favor of remand. *Allen v. Christenberry,* 327 F.3d 1290, 1293 (11th Cir. 2003).

As noted, the Eleventh Circuit favors remand in situations where a court's subject matter jurisdiction is unclear. *See Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994). Furthermore, it is a long-standing principle of federal jurisdiction that because of the comity and federalism concerns attendant to the removal of cases from state courts, federal courts should remain ever-vigilant over the limits of their own jurisdiction. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941).

Generally, the removal of a case under 28 U.S.C. § 1441(a) requires the joinder of all defendants. This so called "unanimity" rule requires that where there are multiple defendants, all defendants must either join in or consent to removal. *Russell Corp. v. Am. Home Assur. Co.,* 264 F.3d 1040, 1044 (11th Cir.2001). "Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Harris v. Pacificare Life & Health Ins. Co.,* 514 F. Supp.2d 1280, 1286 (M.D. Ala. 2007) (quoting *Russell Corp.,* 264

F.3d at 1049).

## ANALYSIS

Traveler's contention that Smith's failure to be properly served as a Defendant represents an exception to the unanimity rule governing this Court's removal jurisdiction is the linchpin issue for this Court's remand of the above-styled action. Accordingly, this Court will address this issue first, thus taking Traveler's contentions in reverse order.

*(1) Rule of Unanimity*

Travelers contends that, "although the unanimity rule requires that all defendants join in or consent to removal," Smith need not join or consent because Smith has not been properly served in this action. (Doc. 1, at 5.) Indeed, some courts have held that the unanimity rule is not violated when a co-defendant has not been served at the time of removal. *GMFS, L.L.C. v. Bounds,* 275 F. Supp.2d 1350, 1354 (S.D. Ala. 2003) (stating "[a] defendant that has not been served with process need not join in or consent to removal."); *Retirement Systems of Alabama v. Merrill Lynch & Co.,* 209 F. Supp.2d 1257, 1262 n.8 (M.D. Ala.2002) (noting that there are three exceptions to the unanimity rule, the first being when "a co-defendant has not been served at the time the removal petition was filed.").

There is no controlling Eleventh Circuit precedent on the issue. District

court decisions go both ways.  While *GMFS* and *Retirement Systems* support Travelers' position, other district courts have reached different conclusions.  *See Gratz v. Murchison*, 130 F. Supp. 709, 712-13 (D.C. Del. 1955); *Jackson v. Bank One*, 952 F. Supp 734 (M.D. Ala. 1996); *Partin v. Cableview, Inc.*, 948 F. Supp. 1046 (S.D. Ala. 1996).  This Court is persuaded by the latter cases.  Consistent with the Rule of Unanimity, the Court lacks diversity jurisdiction.

*(2) Realigning of Parties*

Travelers has argued for realignment of the parties twice: in its Notice of Removal (Doc. 1) and its Motion to Realign the Parties (Doc. 2), citing the same law each time.  This Court is well aware of the Eleventh Circuit's adherence to the "primary purpose" rule in determining whether realignment of parties is appropriate.  *See Indemnity Insurance Co. v. First Nat'l Bank*, 351 F.2d 519 (5th Cir. 1965).  Under the primary purpose rule, a plaintiff's determination of which parties are plaintiffs and which are defendants is not determinative.  *Boland v. State Farm Mut. Ins. Co.*, 144 F. Supp. 2d 1282, 1284 (M.D. Ala. 2001).  Rather it is the court's responsibility to realign the parties according to their interests in the litigation.  *Id.* at 1284.

However, because this Court feels so strongly that principles of comity and fairness are implicated in the above-styled case, it sees no need to squint towards

realigning the interest of a party in this federal forum before that party has even been served with process.  The best mouthpiece expressing a party's interest is the party itself.  If service on Smith cannot ultimately be effected through proper state court channels, then those same proper state court channels can dispose of Smith as a Defendant, thereby making the case properly removable at that point in time, and no sooner.

## CONCLUSION

Because this Court lacks diversity jurisdiction, the above-styled action is due to be REMANDED to the Circuit Court of Franklin County.  Additionally, for the reasons outlined below, Traveler's Motion to Realign the Parties (Doc. 2) is due to be DENIED.

Done the 29th day of February, 2008.

_____
U.W. Clemon
United States District Judge